UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE SUMMIT CHURCH-HOMESTEAD HEIGHTS BAPTIST CHURCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHATHAM COUNTY, NORTH CAROLINA BOARD OF COMMISSIONERS, <br><br> Defendant. | Civil Action No. 1:25-cv-00113 |

**STATEMENT OF INTEREST OF THE UNITED STATES**

The United States respectfully submits this statement of interest to provide its views on standing and the availability of injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc - 2000cc-5, raised by the Defendant's Opposition to the Plaintiff's Motion for a Preliminary Injunction and Memorandum in Support of Defendant's Motion to Dismiss. *See* ECF No. 18 ("Def. Br."). Defendant Chatham County Board of Commissioners ("the County") argues that because the zoning decision challenged in this lawsuit is the denial of a rezoning application, which it claims is a legislative act under state law, this Court therefore lacks jurisdiction under RLUIPA to grant injunctive relief to the Plaintiff and that its claims must therefore be dismissed. RLUIPA, however, applies to "zoning" laws—state or local law definitions

1

notwithstanding—and authorizes courts to grant injunctive relief. Courts applying RLUIPA, in this Circuit and elsewhere, have routinely granted injunctive relief in line with what the Plaintiff seeks here—an order "enjoin[ing] the County's violations of RLUIPA so that it may build a permanent home for its Chapel Hill Campus." Pl. Mot. for a Preliminary Injunction, ECF No. 7 at 28. Accordingly, the Court should deny the County's motion to dismiss.

The United States files this Statement of Interest pursuant to 28 U.S.C. § 517, which provides that "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." The Department of Justice has authority to enforce RLUIPA and to intervene in proceedings involving RLUIPA. *See* 42 U.S.C. § 2000cc-2(f). In addition, the United States has a strong interest in RLUIPA's robust, private enforcement, which depends on an effective private judicial remedy, and believes that its participation will assist the Court.

I. BACKGROUND[1]

This action involves Summit Church-Homestand Heights Baptist Church, ("Summit Church" or "the Church"), and its efforts to establish a new place of worship that can accommodate its growing Chapel Hill congregation. *See* Compliant, ECF No. 1 at ¶¶ 5-17.

---

[1] The United States has limited its summary of the factual allegations to those relevant to its statement of interest.

In December 2023, Summit Church acquired the option to purchase six parcels of land totaling approximately ninety-seven acres in Chatham County and sought to secure appropriate zoning for the property. *See id*. ¶¶ 18, 53. Because the County had previously zoned the property as "Conditional Development Compact Community," no uses were allowed as of right on the parcels. *Id*. ¶¶ 47-48; *see also* Compl. Ex. 4, Chatham County Zoning Ordinance § 5.4 ("Within a conditional zoning district, only those uses listed (or determined to be equivalent uses) as permitted uses or conditional uses in the corresponding zoning district shall be permitted"); Compl. Ex. 13, Conditional Use Compact Communities Ordinance § 12.1. Accordingly, pursuant to Chatham County's zoning ordinance—and after working with County zoning officials to ensure consistency with the County's comprehensive land use plan—Summit Church submitted rezoning applications to the Chatham County Board of Commissioners ("the County") to allow it to develop a church on the parcels. *See* Compl. ¶¶ 53-63, 125.

Rezoning applications are a mechanism for private property owners to obtain County approval for a particular use or development on their property by redesignating the land in a manner that allows for such use. *See* Compl. Ex. 4, Chatham County Zoning Ordinance §§ 5.3, 5.8. As alleged by Summit Church, the County had previously approved every rezoning application from a private citizen that was found to be consistent with the County's land use plan since the plan's initial adoption in 2017, including an application that would have allowed the exact same parcels of land to be developed for a secular purpose. *See* Compl. ¶¶ 26, 30, 47-52, 61, 63, 132. In December 2024, the County

3

unanimously and categorically denied the Church's rezoning applications. *See id*. ¶¶ 119-21.

Summit Church filed this action alleging that the County violated RLUIPA's land use provisions by imposing an unjustified substantial burden on Summit Church's religious exercise, treating the Church on terms less than equal to nonreligious assemblies or institutions, discriminating against the Church on the basis of religion or religious denomination, and imposing an unreasonable limitation on the Church. *See* Compl. ¶¶ 122-187. The Complaint requests injunctive relief requiring the County to approve Summit Church's rezoning request and associated site plan; a declaratory judgment that the County's denial of Summit Church's rezoning applications violates RLUIPA, and is therefore void; and monetary relief, including the damages to which the Church is entitled and the costs and expenses of this action. *See id*. ¶¶ 51-52. The Church also filed a motion for a preliminary injunction, seeking an order "enjoin[ing] the County's violations of RLUIPA so that it may build a permanent home for its Chapel Hill Campus." *See* Pl. Mot. at 28.

The County now argues that Summit Church's claims should be dismissed for lack of subject matter jurisdiction because Summit Church "lacks standing to bring its claim for injunctive relief" and "Plaintiff's injury cannot be redressed by this Court for the relief sought." Def. Br. at 4. More specifically, the County argues that, under state law, rezoning is a "legislative act" and therefore, as a matter of "separation of powers," the Court cannot order it to rezone the property as requested by the Church. *Id*. at 5-6. In essence, the County

4

Case 1:25-cv-00113-UA-JLW    Document 23    Filed 04/18/25    Page 4 of 14

argues that it is immune from RLUIPA's reach because the zoning matter at issue is a rezoning application, purportedly a legislative act under North Carolina law.

## II. ARGUMENT

Summit Church has standing to bring its RLUIPA claims, including its claim for injunctive relief. RLUIPA specifically applies to "land use regulations," i.e. zoning or landmarking laws, or the application of such a law, that infringe on religious exercise in one of five prohibited ways.[2] *See* 42 U.S.C.§ 2000cc-5(5) (defining "land use regulation"). Courts, including the Fourth Circuit, have rejected efforts to escape the reach of RLUIPA through legislative definitions or semantic arguments about whether the law at issue constitutes a zoning law. When confronted with violations of RLUIPA, courts have routinely enjoined local government zoning decisions that prohibit using land for religious purposes, including ordering that a defendant approve a zoning application or amend or revise local zoning laws—the same sort of injunctive relief requested by Summit Church. The County's argument, that ostensibly "legislative" zoning decisions are immune from RLUIPA's reach, vaults form over substance and, if accepted, would provide an easy work-around of RLUIPA's broad protections for religious liberty. Moreover, Summit Church

---

[2] RLUIPA prohibits governments from: implementing any land use regulation that imposes a "substantial burden" on the religious exercise of a person or religious assembly or institution except where justified by a "compelling governmental interest" that the government pursues in the least restrictive way possible, 42 U.S.C. § 2000cc(a); treating religious assemblies or institutions on less than equal terms with nonreligious assemblies or institutions, *id*. § 2000cc(b)(1); discriminating "against any assembly or institution on the basis of religion or religious denomination, *id*. § 2000cc(b)(2); excluding religious assemblies from a jurisdiction, *id*. § 2000cc(b)(3)(A); and unreasonably limiting religious assemblies, institutions, or structures within a jurisdiction, *id*. § 2000cc(b)(3)(B).

also seeks damages and declaratory relief, the availability of which the County does not challenge.[3] Accordingly, the Court has subject matter jurisdiction over Summit Church's RLUIPA claims and should deny the County's motion to dismiss.

### A. The County cannot rely on characterizations of zoning in state law cases to evade federal law.

The County relies on language in state law cases to argue that "zoning, and thus the approval of zoning applications, is a legislative act on [the] part of the local government." Def. Br. at 5. The Court, however, need not "delv[e] too deeply into the vagaries of [state] land use law" to dissect what aspect, if any, of a zoning decision made about a specific property constitutes a legislative act. *Redeemed Christian Church of God (Victory Temple) Bowie, Maryland v. Prince George's Cnty., Maryland,* No. CV DKC 19-3367, 2020 WL 585298, at *3 (D. Md. Feb. 6, 2020) (explaining that the definition of the term "zoning" is a matter of federal law). The state law cases cited by the County are ultimately unavailing, because "federal law applies" in determining the scope and reach of RLUIPA. *Redeemed Christian Church of God (Victory Temple) Bowie, Maryland v. Prince George's Cnty., Maryland*, 17 F.4th 497, 508 (4th Cir. 2021) (finding that federal law determined whether a local regulation was a "land use regulation" and thus subject to RLUIPA).

---

[3] As an initial matter, the County's argument fails to account for the declaratory and monetary relief requested by Summit Church. Even assuming *arguendo* that the Court was unable grant injunctive relief allowing Summit Church's proposal to proceed, which as discussed in this Statement of Interest, it can, the County fails to explain why the declaratory and monetary remedies sought by the Church would not otherwise afford it standing. Notably, the County does not argue that the Court is without authority to redress the Church's injury through *any* form of relief sought. In fact, the County acknowledges that courts "can rule on the validity of a zoning decision." Def. Br. at 6.

Indeed, in *Redeemed Christian Church*, the Fourth Circuit emphasized the problems with relying on state law to determine whether a County regulation was a "zoning" law and therefore within RLUIPA coverage of "land use regulation." *See Redeemed Christian Church*, 17 F.4th at 507-08 (finding that the "legislative amendment" regarding the church's water and sewer application was a "land use regulation" and thus subject to RLUIPA). The Court concluded that federal and not state law should govern RLUIPA's application, in part, because "'[i]n the absence of a plain indication to the contrary . . . it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law.'" *Redeemed Christian Church*, 17 F.4th at 507 (quoting *NLRB v. Nat'l Gas Util. Dist. Of Hawkins Cnty.* 402 U.S. 600, 603 (1971)). The Fourth Circuit recognized that, as to RLUIPA, there is a "particularly clear" reason for applying federal and not state law: "a State could, after all, define the applicable and key RLUIPA terms narrowly, thus limiting RLUIPA's application," *id*. at 508, which is what the County seeks to do here with its "legislative act" argument.

Other circuits have likewise cautioned that states and localities could self-characterize their zoning decisions in a manner that makes them immune to RLUIPA enforcement. *See Fortress Bible Church v. Feiner*, 694 F.3d 208, 218 (2d Cir. 2012) (rejecting claim that zoning actions taken during a state mandated environmental review were beyond RLUIPA's reach because such a conclusion would allow a town to avoid RLUIPA simply by re-characterizing zoning decisions). This approach is consistent with the broader principle that deference to state law is tempered when doing so would circumvent the vindication of federal rights *cf. Moore v. Harper*, 600 U.S. 1, 34 (2023)

7

("As in other areas where the exercise of federal authority or the vindication of federal rights implicates questions of state law, we have an obligation to ensure that state court interpretations of that law do not evade federal law."). The idea that state law should not govern whether RLUIPA applies is also consistent with RLUIPA's remedial purpose and Congress's desire to broadly protect religious exercise. *See* 42 U.S.C. § 2000cc-3(g) (RLUIPA must "be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of [RLUIPA] and the Constitution.").

Accordingly, the Court should look to federal law and precedent, and not state law, in determining what relief can be appropriately granted to the Church. *See* 42 U.S.C. § 2000cc-2(a) (providing a private cause of action in which a claimant may obtain "appropriate relief"). As discussed below, when confronted with a violation of RLUIPA, federal courts frequently grant injunctive relief of the type sought by the Church.

### B. RLUIPA broadly affords private claimants "appropriate relief," which includes declaratory, monetary, and injunctive remedies.

RLUIPA allows for judicial enforcement by either the United States or private parties. 42 U.S.C. § 2000cc-2(a), (f). In private actions, RLUIPA claimants may "obtain appropriate relief against a government." *Id*. § 2000cc-2(a). Courts have routinely found that this relief includes the availability of a declaratory judgment and injunctive relief. *See, e.g., Redeemed Christian Church of God (Victory Temple) Bowie, Maryland v. Prince George's Cnty., Maryland,* 17 F.4th 497, 505-506 (4th Cir. 2021) (affirming district court's granting of injunctive relief which had "permanently enjoined the County from denying the Application and ordered the County to amend its Water and Sewer Plan and advance

the Property to water and sewer Category 4."); *Fortress Bible Church*, 694 F.3d at 224 (holding that "[a] district court has substantial freedom in framing an injunction" under RLUIPA); *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 326 F. Supp. 2d 1140, 1161 (E.D. Cal. 2003), *aff'd sub nom.* 456 F.3d 978 (9th Cir. 2006) ("It is readily apparent that declaratory and injunctive relief are "appropriate relief," and accordingly, the court will declare the challenged [denial of a conditional use application] to be invalid and will enjoin defendants from enforcing it."); *Church of Our Savior v. City of Jacksonville Beach,* 69 F. Supp. 3d 1299 (M.D. Fla. 2014) ("It appears undisputed that "appropriate relief" for a RLUIPA violation may include injunctive and declaratory relief.").

Courts have also routinely held that RLUIPA provides for money damages. *Reaching Hearts Int'l, Inc. v. Prince George's Cnty.*, 368 F. App'x 370, 373 (4th Cir. 2010) (affirming district court's judgment entering jury's $3,714,822.36 compensatory damages award for County's substantial burden violation); *Tree of Life Christian Sch. v. City of Upper Arlington, Ohio*, 905 F.3d 357, 366 (6th Cir. 2018) (declining to dismiss a RLUIPA equal terms claim as moot because the plaintiff had also sought "compensatory damages for the harm" caused by the City's alleged violations); *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 289-90 (5th Cir. 2012) (holding that "money damages are available under RLUIPA against political subdivisions of states, such as municipalities"); *Centro Familiar Cristiano Buenas Nuevas v. City of Yuma,* 651 F.3d 1163, 1169 (9th Cir. 2011) ("The City of Yuma, therefore, may be liable for monetary damages under RLUIPA, if plaintiffs prove a violation and damages.").

### C. The type of injunctive relief sought by Summit Church is routinely granted—and upheld—by courts in this circuit and other circuits.

Courts in this circuit have awarded injunctive relief to RLUIPA complainants like that requested by Summit Church. For example, in *Redeemed Christian Church of God*, the district court considered a claim that Prince George's County violated RLUIPA by denying Victory Temple's application for an amendment to the Prince George's County Water and Sewer Plan, which the church needed to develop the property into a religious facility. 17 F. 4th at 505. After concluding that the county's denial constituted a violation of RLUIPA, the district court issued an injunction that "permanently enjoined the County from denying the [water and sewer change] Application and *ordered the County to amend its Water and Sewer Plan* and advance the Property to water and sewer Category 4." *Id*. 505-06 (emphasis added). The Fourth Circuit affirmed the injunction, finding, in part, that "the County's denial of the Application prevented Victory Temple from developing its Property in any way" and that the district court "did not abuse its discretion in granting [the plaintiff] the injunctive relief." *Id*. at 509, 512. That the remedy required a "legislative amendment" did not bar the relief. *Id*. 502.

Similarly, in another RLUIPA case granting injunctive relief, a court in this circuit rejected a standing argument like that made by the County. In *Reaching Hearts Int'l, Inc. v. Prince George's Cnty.*, 584 F. Supp. 2d 766 (D. Md. 2008), *aff'd*, 368 F. App'x 370 (4th Cir. 2010), Prince George's County argued in opposition to injunctive relief that the plaintiff did not have standing "'because even if the Plaintiff is successful in challenging the ordinance in question, they cannot get the underlying relief sought and therefore, [the

plaintiff is] unable to demonstrate that its injury will be redressed by enjoining [the zoning ordinance].'" 584 F. Supp. 2d at 791 (quoting from the defendant's brief). The court rejected that argument and found that the plaintiff's injury could be redressed by enjoining the application of the offending provisions of the zoning ordinance and ordering the county to process the application without regard to those provisions. *See id*. On appeal, the Fourth Circuit affirmed the injunction, finding that the court's remedial rulings were not "'outside the range of choices permitted.'" *Reaching Hearts*, 368 F. App'x at 373 (quoting *Evans v. Eaton Corp. Long Term Disability Plan,* 514 F.3d 315, 322 (4th Cir. 2008)).

The type of injunctive relief sought by Summit Church—approval of its zoning application—is likewise routinely granted, and upheld, in RLUIPA land use cases in other circuits. For example, the Tenth Circuit upheld a permanent injunction requiring the defendant county to approve a church's special use application. *See Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs*, 613 F.3d 1229, 1240 (10th Cir. 2010). The Second Circuit held as "proper under RLUIPA" a district court order requiring a zoning board to "immediately and unconditionally" approve a religious school's special permit application. *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 357 (2d Cir. 2007). In another case, the Second Circuit found that a district court's injunction was specifically tailored to the injury and did not exceed the court's discretion where that injunction—among other relief—ordered a church's site plan be deemed approved, the zoning board to grant a waiver from a parking requirement and a variance permitting a side building location, and the town to issue a building permit. *See Fortress Bible Church,* 694 F.3d at 225-26. Finally, the Ninth Circuit affirmed a district court injunction that required

11

the defendant county to immediately grant a temple's application for a conditional use permit. *Guru Nanak Sikh Soc. of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 996 (9th Cir. 2006); *see also Anchor Stone Christian Church v. City of Santa Ana, et al.*, __F. Supp.3d __, No. 8:25-CV-00215-JWH-DFM, 2025 WL 1086360, at *17 (C.D. Cal. Apr. 7, 2025) (granting, in a RLUIPA case asserting that the city's zoning code violated RLUIPA's equal terms provision and that its denial of a conditional use permit application imposed substantial burden on the church, a preliminary injunction which "enjoined" the defendants from "preventing Anchor Stone from assembling for worship at its property" and "from undertaking its proposed interior property renovations").

Here, if the Court finds that the County has violated any of RLUIPA's provisions, it could grant injunctive relief enjoining the County from enforcing its denial of the Church's rezoning application and order the County to grant the rezoning. *See Redeemed Christian Church of God*, 17 F. 4th at 505-06 (ordering County to "amend its Water and Sewer Plan and advance the property to water and sewer Category 4"); *Reaching Hearts*, 584 F. Supp. 2d at 796 ("enjoin[ing] the application of CB–83–2003 as to the property of [the church]" and "order[ing] that Defendant process any water and sewer category change application that [the church] may hereafter file without regard to the provisions of CB–83–2003"); *Westchester Day Sch.*, 504 F.3d at 357 (ordering defendant to grant special permit application). If, after finding a RLUIPA violation, the Court were concerned with ordering the County to *grant* the rezoning, it could enjoin the County from applying the Chatham County Zoning Ordinance provisions regarding Compact communities and require the

12

County to permit Summit Church to use and develop the property for religious purposes. *See, e.g., Anchor Stone Christian Church,* 2025 WL 1086360, at *17.

### III. CONCLUSION

For the reasons stated here, the United States respectfully urges the Court to find that Summit Church has standing in the instant matter and that its alleged injury is redressable with declaratory and injunctive relief and damages.

Dated: April 18, 2025

Respectfully Submitted,

PAMELA BONDI
Attorney General

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division

CARRIE PAGNUCCO
Chief
Housing and Civil Enforcement Section

/s/ Callie Bruzzone
NOAH SACKS
Trial Attorney
CALLIE BRUZZONE
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division

U.S. Department of Justice
4 Constitution Square
150 M St., NE, Suite 800
Washington, D.C. 20530
Tel: (202) 957-1997
callie.bruzzone@usdoj.gov