IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE SUMMIT CHURCH-<br>HOMESTEAD HEIGHTS<br>BAPTIST CHURCH, INC., | ) <br> ) <br> ) <br> ) | FILE NO. 1:25-CV-00113 |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| CHATHAM COUNTY, NORTH<br>CAROLINA BOARD OF<br>COMMISSIONERS, | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

## **JOINT MOTION FOR STAY PENDING APPEAL**

NOW COMES Plaintiff, The Summit Church-Homestead Heights Baptist Church, Inc. ("Summit"), and Defendant, Chatham County, North Carolina Board of Commissioners ("County"), and move this Court to stay all further proceedings in this matter pending appeal. In support of this Motion, the parties state as follows:

1. On February 14, 2025, Summit filed a Complaint seeking relief from this Court for the County's alleged violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA").

2. On June 20, 2025, this Court granted in part and denied in part Summit's request for a preliminary injunction.

1

3. On July 18, 2025, the County timely noticed its appeal from the preliminary injunction.

4. On appeal, the County has challenged Summit's standing to seek, and the Court's jurisdiction to order, the relief afforded in this matter.

5. This Court has previously determined that "[t]he appeal of the disposition of a preliminary injunction motion does not divest the trial court of its jurisdiction to proceed on the merits." *Okocha v. Adams*, No. 1:06CV00275, 2007 WL 1074664, at *2 (M.D.N.C. Apr. 9, 2007), aff'd, 259 F. App'x 527 (4th Cir. 2007). However, "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

6. Because the County did not appeal the denial of its Motion to Dismiss, this case is not automatically stayed under *Griggs* and *Coinbase*.

7. Nevertheless, the ultimate disposition of this appeal is likely to materially impact the parties' respective positions in this matter.

8. A stay in this matter would likely conserve the Court's resources and the parties' resources.

WHEREFORE, for the reasons set forth in this Motion, the parties respectfully and jointly move that this Court enter an order (1) staying all proceedings in this matter until the issuance of a mandate pursuant to Rule

2

41 of the Federal Rules of Appellate Procedure ; and (2) providing such further relief as this Court deems appropriate.

Respectfully submitted this the 18th day of March, 2026.

**MICHAEL BEST & FRIEDRICH, LLP**

*/s/ Keith E. Richardson*
KEITH E. RICHARDSON
N.C. Bar No. 40778
kerichardson@michaelbest.com
MICHAEL G. SCHIETZELT
N.C. Bar No. 53599
mgschietzelt@michaelbest.com
4509 Creedmoor Road, Suite 501
Raleigh, NC 27612
Tel.: 984.220.8750

JOSEPH L. OLSON
Wis. Bar No. 1046162
790 N Water St.
Milwaukee, WI 53202
jlolson@michaelbest.com
Tel.: (414) 271-6560

KELLYE FABIAN STORY
Ill. Bar No. 6272195
444 W. Lake St., Suite 3200
Chicago, IL 60606
kellye.story@michaelbest.com
Tel.: (312) 222-0800
*Counsel for Plaintiff The Summit Church-Homestead Heights Baptist Church, Inc.*

3

**CRANFILL SUMNER, LLP**

*/s/ Patrick H. Flanagan*

Patrick H. Flanagan
N.C. Bar No. 17407
phf@cshlaw.com
Samantha M. Owens
N.C. Bar No. 62580
sowens@cshlaw.com
P.O. Box 30787
Charlotte, NC 28230
Tel.: (704) 332-8300
*Attorneys for Appellant Chatham*
*County, North Carolina Board of*
*Commissioners*

4